```
                               United States Bankruptcy Court
                               Middle District of Tennessee
In re:                                                                               Case No. 14-04911-MFH
GREGORY KYLE WILLIAMS                                                                Chapter 13
          Debtor              CERTIFICATE OF NOTICE
District/off: 0650-3          User: pjc2460              Page 1 of 2              Date Rcvd: Jun 24, 2014
                              Form ID: pdf001            Total Noticed: 44

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 26, 2014.
db           +GREGORY KYLE WILLIAMS,    6940 HWY 70 S APT 508,    NASHVILLE, TN 37221-2299
5539020       ACE CASH,   C/O NATIONAL CREDIT ADJUSTERS,    PO BOX 30323,    HUTCHINSON KS 67504-6999
5539022       ADVANCE AMERICA,   PO BOX 3058,    SPARTANBURG SC 29304-3058
5539025      +AT & T,   C/O EOS CCA,    700 LONGWATER DR,    NORWELL MA 02061-1624
5539027      +AT & T,   C/O MRS ASSOC,    1930 OLNEY AVE,    CHERRY HILL NJ 08003-2016
5539026       AT & T,   C/O DIVERSIFIED CONSULTANTS,    PO BOX 551268,    JACKSONVILLE FL 32255-1268
5539031      +AT T MOBILITY,   C/O MRS BPO LLC,    1930 OLNEY AVE,    CHERRY HILL NJ 08003-2016
5539032      +BANK OF AMERICA,    PO BOX 25118,    TAMPA FL 33622-5118
5539033      +BUCKEYE CHECK CASHING,    350 WHITE BRIDGE PIKE,    NASHVILLE TN 37209-3227
5539035       CARECENTRIX,   PO BOX 277947,    ATLANTA GA 30384-7947
5539036      +CASH CITY,   2326 A NOLENSVILLE RD,    NASHVILLE TN 37211-2136
5539037       CENTENNIAL MEDICAL,    PO BOX 740757,    CINCINNATI OH 45274-0757
5539038      +CHASE,   PO BOX 15298,    WILMINGTON DE 19850-5298
5539039      +CHECK INTO CASH,    7052 CHARLOTTE PIKE,    NASHVILLE TN 37209-4210
5539045     ++CITIBANK,   PO BOX 790034,    ST LOUIS MO 63179-0034
             (address filed with court: EXXMBLCITI,    ATTN.: CENTRALIZED BANKRUPTCY,    PO BOX 20507,
              KANSAS CITY MO 64195)
5539040      +COMCAST,   C/O STELLAR RECOVERY INC,    1327 HIGHWAY 2 WEST,    KALISPELL MT 59901-3413
5539034      +Capital 1 Bank,    ATTN: BANKRUPTCY DEPT.,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
5539043      +EASY CASH SOLUTIONS,    2700 NOLENSVILLE RD,    NASHVILLE TN 37211-2219
5539046      +EZ MONEY LOANS,    2700 NOLENSVILLE RD,    NASHVILLE TN 37211-2219
5539047       FAST MONEY/CASH CLOUD,    ACL 388770, SUITE 8,    8B Amy Close, North Wyong, 2259,    AUSTRALIA
5539048       FIRST CLINIC,   PO BOX 740776,    CINCINNATI OH 45274-0776
5539050       GREAT LAKES,   PO BOX 530229,    ATLANTA GA 30353-0229
5539052      +KROGER CHECK RECOVERY CENTER,    PO BOX 30650,    SALT LAKE CITY UT 84130-0650
5539053      +NASHVILLE FIRE DEPT/EMS,    C/O Rob Reg Yng,    105 BROADWAY SUITE 300,    NASHVILLE TN 37201-2115
5539055      +REGIONS BANK,   C/O CONVERGENT OUTSOURCING,    10750 HAMMERLY BLVD #200,    HOUSTON TX 77043-2317
5539056      +SPEEDYCASH.COM,    C/O Ad Astra Rec,    8918 W 21ST ST. N SUITE 200 MAILBOX: 112,
              WICHITA KS 67205-1880
5539057      +TENNESSEE QUICK CASH,    7625 HWY 70 S STE D,    NASHVILLE TN 37221-1706
5539058      +TN TITLE LOANS,    402 HWY 46 SOUTH,    DICKSON TN 37055-2525
5539059     ++UNITEDCASHLOANS D B A OF TFS CORP,    PO BOX 111,    MIAMI OK 74355-0111
             (address filed with court: UNITED CASH LOANS,    2533 N CARSON ST,    CARSON CITY NV 89706)
5539060      +US ATTORNEY GENERAL,    US DEPT OF JUSTICE,    950 PENNSYLVANIA AVE NW,    WASHINGTON DC 20530-0009
5539061      +US DEPT OF ED/GLELSI,    PO BOX 7860,    MADISON WI 53707-7860

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5539021      +Fax: 864-336-7400 Jun 25 2014 01:17:53     ADVANCE AMERICA,    3736 ANNEX AVE,
              NASHVILLE TN 37209-4375
5539023      +E-mail/Text: bankruptcy@af247.com Jun 25 2014 00:45:44      ADVANCE FINANCIAL,
              1901 CHURCH STREET,    NASHVILLE TN 37203-2203
5539028       E-mail/Text: Bankruptcy@icsystem.com Jun 25 2014 00:45:21      AT & T,    C/O IC SYSTEM,
              PO BOX 64794,    SAINT PAUL MN 55164-0794
5539024       E-mail/Text: g20956@att.com Jun 25 2014 00:45:40      AT & T,    PO BOX 536216,
              ATLANTA GA 30353-6216
5539030      +E-mail/PDF: recoverybankruptcy@afninet.com Jun 25 2014 00:48:08      AT T,    C/O AFNI,
              1310 MARTIN LUTHER KING DR,    BLOOMINGTON IL 61701-1465
5539029      +E-mail/Text: bknotice@erccollections.com Jun 25 2014 00:45:23      AT T,
              C/O Enhanced Recovery Corp,    8014 BAYBERRY RD,    JACKSONVILLE FL 32256-7412
5539041      +E-mail/Text: creditonebknotifications@resurgent.com Jun 25 2014 00:45:04      Credit One Bank,
              PO BOX 98873,    LAS VEGAS NV 89193-8873
5539042      +E-mail/PDF: mrdiscen@discoverfinancial.com Jun 25 2014 00:56:39      DISCOVER FIN SVCS LLC,
              PO BOX 15316,    WILMINGTON DE 19850-5316
5539044      +E-mail/Text: bankruptcies@foxcollection.com Jun 25 2014 00:45:18
              EMERGENCY MEDICAL CONSULTANTS,    C/O FOX COLLECTION CENTER,    456 MOSS TRL,
              GOODLETTSVILLE TN 37072-2029
5539049      +E-mail/PDF: bk@worldacceptance.com Jun 25 2014 00:47:50      GENERAL CREDIT CORP,
              5416 CHARLOTTE AVE,    NASHVILLE TN 37209-3004
5539054      +E-mail/Text: bankruptcies@foxcollection.com Jun 25 2014 00:45:18      RADIOLOGY ALLIANCE,
              C/O FOX COLLECTION CENTER,    456 MOSS TRL,    GOODLETTSVILLE TN 37072-2029
5539062      +E-mail/PDF: bk@worldacceptance.com Jun 25 2014 00:47:50      WORLD ACCEPTANCE CORPORATION,
              ATTN: BANKRUPTCY PROCESSING,    P O BOX 6429,    GREENVILLE SC 29606-6429
5539063      +E-mail/PDF: bk@worldacceptance.com Jun 25 2014 00:47:50      WORLD FINANCE,    5416 CHARLOTTE AVE,
              NASHVILLE TN 37209-3004
                                                                                              TOTAL: 13

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5539051      ##+INTEGRITY ADVANCE,    300 CREEK VIEW ROAD,    STE 102,    NEWARK DE 19711-8547
                                                                                TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2014                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 20, 2014 at the address(es) listed below:
              MARK RICHARD PODIS   on behalf of Debtor GREGORY KYLE WILLIAMS PodisBankruptcy@aol.com
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                             TOTAL: 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: )<br>**GREGORY KYLE WILLIAMS** )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br>Debtor(s). ) | Bankruptcy Case No.<br>Judge<br><br>☒ **Original Chapter 13 Plan** |

☐ This plan contains special provisions, set out in Section 10.01. If this box is blank, the plan includes no provision deviating from the model plan.

☒ This plan contains motion(s) to value collateral.   ☒ This plan contains motion(s) to void liens.

**NOTICE:** Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the Meeting of Creditors. To be timely, objections to the plan or motions:
   (a) Must be in writing and must be filed and served prior to the Meeting of Creditors; or
   (b) Must be stated orally at the Meeting of Creditors.
If objections are timely filed or stated orally at the Meeting of Creditors, a hearing on confirmation will be held at the contested confirmation hearing date indicated on the Notice of Meeting of Creditors and Deadlines.

### Commitment Period and Plan Payments

**1.01 Commitment Period.** The applicable commitment period is **X** 3 years or ___ 5 years. The estimated length of this plan is **60** months.

**1.02 Monthly Payments.** Debtor shall have a payroll deduction from **METRO GOVERNMENT, ATTN: PAYROLL DEPT PO BOX 196300, NASHVILLE TN 37219** to the Trustee the sum of $ **208.00   Bi-weekly** for **60** months commencing **YOUR NEXT PAY PERIOD**, totaling $ **27,040.00**.

The Debtor(s) requests an order requiring the withholding of money from income to fund this plan.

**1.03 Other Payments.** In addition to periodic payments from future earnings, Debtor(s) will make other payment(s) as follows:

| Amount of Payment | Date | Source of Payment |
|---|---|---|
| N/A | | |
| | | |
| | | |

**1.04 Tax Refunds.** Debtor(s) shall ___/shall not **X** turn over to the Trustee and pay into the plan annual tax refunds for all tax years ending during the plan.

### Claims and Expenses

**A. Proofs of Claim**

**2.01 Filing of Proofs of Claim Required for Payment.** Except as provided in 2.02, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.

**2.02 Retirement Loans.** Payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.

1

**2.03 Proof of Claim Controls Amount.** Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.

**2.04 Plan Controls Everything Else.** If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim--everything except amount--shall be controlled by this plan.

**2.05 Claims Not Provided for by the Plan.** If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

**B. Fees and Administrative Expenses**

**3.01 Fees to the Attorney for the Debtor(s) and Filing Fees.** The fees to the attorney for the Debtor(s), costs and filing fees shall be paid as follows:

**(a)** ☒ The filing fee and notice fee established by 28 U.S.C. § 1930 shall be paid by the Trustee as soon as practicable.

☐ The filing fee and notice fee have been paid by the Debtor(s).

**(b)** The attorney for the Debtor(s) shall be paid $ **3,400.00** as follows: **100.00 PER MONTH** .

**(c)** No fees were paid to the attorney for the Debtor(s) prior to filing the petition except $ **100.00** .

**C. Priority Claims Including Domestic Support Obligations**

**4.01 Post-Petition Domestic Support Obligations.**

☒ The Debtor(s) has no Domestic Support Obligation.

☐ The Debtor(s) has Domestic Support Obligations which are current and will be paid directly by the Debtor(s).

☐ The Debtor(s) has Domestic Support Obligations which will be paid by the Trustee as follows:

| Recipient | Monthly Ongoing Support | When Terminates |
|---|---|---|
| **-NONE-** | | |

**4.02 Arrears on Domestic Support Obligations.** The Trustee shall pay in full the arrears on Domestic Support Obligations as follows:

| Recipient | Total Arrears Due | Last Mo. Included in Arr. | Plan Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**4.03 Other Priority Claims.** The Trustee shall pay in full other priority claims as follows:

| Creditor Name | Type of Priority | Estimated Amount | Plan Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**D. Secured Claims**

**5.01 Curing Default and Maintaining Payments Including Long-Term Debts.**

**(a) Maintaining Payment.** Mortgage creditors are also directed to § 9.06 of this plan. Post-confirmation payments listed below shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters pursuant to § 9.06. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

| Creditor Name | Property Description | Mthly. Pmt. | When Terminates | Paid By Debtor or Trustee? |
|---|---|---|---|---|
| -NONE- | | | | |

**(b) Curing Default.** Arrears on debts provided for pursuant to § 5.01(a) above shall be paid by the Trustee as follows:

| Creditor Name | Property Description | Estimated Arrears | Last Month in Arrears | Plan Treatment |
|---|---|---|---|---|
| -NONE- | | | | |

**5.02 Secured Claims Paid Per § 1325(a)(5).** This section is also used to specify pre-confirmation adequate protection payments (see § 9.01), and to provide for claims secured by real property not provided for in § 5.01.

**(a) Secured Claims Not Subject to § 506 ["Hanging Sentence" claims].** The following claims are treated as fully secured, to be paid in full by the Trustee:

| Creditor Name | Collateral Description | Est. Claim Amt. | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| **INLAND BANK & TRUST** | **TO BE DETERMINED** | **10,862.00** | **22%** | **300.00** | **20.00** |

*Adequate Protection Payment, if applicable

**(b) Secured Claims Not Subject to § 506, Modified by Acceptance.** The claims listed below shall be paid only to the extent of the offer by the Debtor(s) unless the listed creditor timely objects to confirmation. **ACCEPTANCE OF THE PLAN WILL BE PRESUMED UNLESS THE AFFECTED CREDITOR TIMELY OBJECTS TO CONFIRMATION IN WRITING OR ORALLY AT THE MEETING OF CREDITORS.**

| Creditor Name | Collateral Description | Debtor Offer to Pay | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| -NONE- | | | | | |

*Adequate Protection Payment, if applicable

**(c) Secured Claims Subject to § 506. DEBTOR(S) MOVES TO DETERMINE THE VALUE OF THE CLAIMS LISTED BELOW.** The claims listed below are secured claims only to the extent of the value of the collateral pursuant to § 506(a). The claims listed below shall be treated as secured and paid by the Trustee only to the extent of the value stated unless the creditor timely objects to confirmation.

| Creditor Name | Collateral Description | Value | Int. Rate | Mthly. Pymt. | Pre-Conf. APP* |
|---|---|---|---|---|---|
| **CHECK INTO CASH** | **01 RANGER DATE OF LIEN 4/17/14** | **2,000.00** | **3.25** | **21.00** | **20.00** |

*Adequate Protection Payment, if applicable

**(d) Secured Claims Provided for by Surrender of Collateral.** Debtor(s) shall surrender the following collateral not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor Name | Collateral Description | Estimated Deficiency |
|---|---|---|
| -NONE- | | |

**5.03 Motion To Avoid Liens. DEBTOR(S) MOVES TO AVOID THE LIENS LISTED BELOW:**

| Creditor Name | Collateral Description | Authority to Avoid Lien |
|---|---|---|
| **WORLD FINANCE** | **2 TVS - 100, DVD PLAYER - 50, COMPUTER - 50, DIGITAL CAMERA - 50, SURROUND SOUND- 100** | **522F** |

3

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

**5.04 Lien Retention.** Allowed secured claim holders retain liens until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328; or, if the case is dismissed or converted without completion of the plan, such liens shall be retained to the extent recognized by applicable non-bankruptcy law.

**E. Unsecured Claims**

**6.01 Non-Priority Unsecured Claims.** Allowed non-priority unsecured claims, not separately classified below, shall be paid, pro rata, not less than __20__ %. If applicable, unsecured claims will be paid interest at the rate of **N/A%.**

**6.02 Separately Classified Unsecured Claims.** The unsecured claim(s) listed below are separately classified.

| Creditor Name | Description of Debt | Treatment |
|---|---|---|
| **-NONE-** | | |

**6.03 Postpetition Claims.** Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

**F. Executory Contracts and Leases**

**7.01 Assumption and Rejection of Leases and Executory Contracts.** All executory contracts and leases are rejected by confirmation of the plan except the leases and contracts listed below are assumed by the Debtor(s) and shall be paid as indicated.

| Lessor/Contract | Property Leased | Amt. of Monthly Pymt. | Paid By | Maturity Date |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.02 Arrears on Leases and Executory Contracts.** The arrears on assumed leases and executory contracts shall be paid by the Trustee as follows:

| Lessor/Contract | Property Leased | Estimated Arrears | Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**7.03 Other Provisions Related to Leases and Executory Contracts.**

**(a)** Leases and executory contracts assumed in this plan shall be paid only upon the filing of a Proof of Claim.

**(b)** The payment amounts specified above are the estimate by the Debtor(s) of the required payments. The monthly payment and total amount due on any assumed lease or executory contract shall be as specified on the Proof of Claim.

**(c)** Debtor(s) shall surrender the following leased property not later than 7 days after confirmation. Creditors listed below are granted relief from the codebtor stay under § 1301 and relief from the § 362 stay to permit recovery and disposition of the leased property upon the later of entry of the confirmation order or 21 days following the filing of a Proof of Claim. The provisions of Bankruptcy Rule 4001(a)(3) are waived.

| Creditor | Property |
|---|---|
| **-NONE-** | |

## Order of Distribution

**8.01** ☒ **Regular Distribution.** The Trustee shall pay as funds are available, in the following order:

- Filing fees and notice fees (§ 3.01(a))
- Trustee commission
- Domestic Support Obligations that become due after the petition (§ 4.01)
- Attorney's fees (§ 3.01(b))
- Secured claims and mortgages with fixed monthly payments (§ 5.01 and § 5.02)
- Arrearages cured through the plan (§ 5.01(b))
- Domestic Support Obligations due at the petition date (§ 4.02)
- Other priority claims without a specified monthly payment (§ 4.03)
- Separately classified unsecured claims (§ 6.02)
- General unsecured claims (§ 6.01)
- Claims allowed pursuant to § 1305 (§ 6.03)

**8.02** ☐ **Alternate Distribution of Plan Payments.** If the regular distribution of plan payments is not selected, then the alternate distribution of payments shall be as specified in Section 10.01 below, "Additional and Non-Conforming Plan Provisions."

## Miscellaneous Plan Provisions

**9.01 Adequate Protection Payments.** Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in § 5.02(a), (b) and (c) adequate protection payments as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.02 Vesting of Property.** All property of the estate remains property of the estate notwithstanding confirmation and shall not revest in the Debtor(s) until dismissal or discharge.

**9.03 Duties of the Debtor(s).** In addition to the duties imposed by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, this plan imposes the following additional duties on the Debtor(s):

**(a) Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling or otherwise disposing of any property of the estate with a value of $1,000 or more without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor(s) shall not incur new debt without first obtaining court authorization or obtaining Trustee consent pursuant to § 1305.

**(b) Insurance.** Debtor(s) shall maintain insurance protecting all property of the estate to the extent of any value in excess of the liens and exemptions on such property.

**9.04 Effective Date of the Plan.** The date the confirmation order is entered shall be the Effective Date of the Plan.

**9.05 Preservation and Retention of Causes of Action.** Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

**9.06 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**

**(a)** Confirmation of this Plan imposes upon any claimholder treated under § 5.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                               Best Case Bankruptcy

## Additional and Nonconforming Plan Provisions

**10.01** Except as provided immediately below, the preprinted language of this form has not been altered. Debtor(s) proposes additional or different plan provisions or specifies that any of the above provisions will not be applicable as follows:

Respectfully submitted,

/S/ MARK R PODIS
**MARK R. PODIS 012216**
Attorney for Debtor(s)