```
                              United States Bankruptcy Court
                              Middle District of Tennessee
In re:                                                              Case No. 14-04911-MFH
GREGORY KYLE WILLIAMS                                               Chapter 13
        Debtor                   CERTIFICATE OF NOTICE

District/off: 0650-3        User: slw0703           Page 1 of 1         Date Rcvd: Aug 07, 2014
                            Form ID: pdf001         Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 09, 2014.
db           +GREGORY KYLE WILLIAMS,    6940 HWY 70 S APT 508,    NASHVILLE, TN 37221-2299

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2014                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 7, 2014 at the address(es) listed below:
              HENRY EDWARD HILDEBRAND, III    hhecf@ch13nsh.com
              MARK RICHARD PODIS   on behalf of Debtor GREGORY KYLE WILLIAMS PodisBankruptcy@aol.com
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                              TOTAL: 3

*Marian F. Harrison*
Marian F. Harrison
US Bankruptcy Judge



Dated: 8/7/2014

mk

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTOR **GREGORY KYLE WILLIAMS**  Case No. **14-04911-MH3-13**

**SSN XXX-XX- 7510**

**ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING CERTAIN MOTIONS**
**AND NOTICE OF OPPORTUNITY TO OBJECT**

The Court determines that it is in the best interest of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the hearing being held on such earlier date.

A copy of the debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. §1325; therefore, It is ORDERED that:

1. The debtor's plan is confirmed as provided below.

2. The debtor is enjoined from incurring any debts except such debts as may be necessary for emergency medical or hospital care pursuant to 11 U.S.C. §1305. Debtors are enjoined from reducing the amounts withheld for taxes on a W-4 submitted to an employer without trustee consent.

3. **Debtor(s) shall pay:**

   **$70.00 BI-WEEKLY from METRO GOVERNMENT**

Debtor(s) shall pay to the trustee a minimum base of at least **$9,100.00,** to complete payments under the plan. Any funds from the base, after satisfaction of allowed secured and priority claims pursuant to this order shall be used to increase the distribution to allowed unsecured claims.

4. From funds received, the Trustee shall disburse as follows:

   a. To the Court Clerk the sum of **$235.00** and **$75.00** for filing and noticing fees.

   b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. §586(e) and 11 U.S.C. §1326(b)(2).

   c. To the debtor's attorney, **MARK PODIS AND ASSOCIATES**, the sum of **$1,265.00 to be paid at $100.00 per month.**

   c. Total fee awarded to attorney is **$1,365.00** .

   d. To creditors holding allowed claims as follows:
      i. To claimholders entitled to priority under 11 U.S.C. §507, payment in full as follows: **NONE**
      ii. To claimholders holding allowed secured claims, the amount of such secured claim indicated below not to exceed the present value of each claimholder's security determined by this order pursuant to U.S.C. §506:

| | Creditor Name/Collateral | Interest | Value | Month |
|---|---|---|---|---|
| 1 | **CHECK INTO CASH** | **3.25%** | **$2,000.00** | **$21.00** |
| | *01 RANGER TITLE LOAN* | | | |

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

   iii. To creditors holding claims secured by a purchase money security interest in a motor vehicle incurred within 910 days preceding the petition or secured by a purchase money security interest in any other thing of value incurred in the 1 year period preceding the filing as follows:

| Creditor/Collateral | Interest | Principal Amt To Be Pd | Month |
|---|---|---|---|

**--------------- NONE ---------------**

The secured claimholders listed above shall retain liens pursuant to 11 U.S.C. §1325 (a)(5)(b), until discharge at which time liens shall be released.

These creditors have either accepted the plan (as designated by an *) or the above claims are not subject to the provisions of §506.

   iv. **There are no long term claims paid by the Trustee.**

     The Trustee may adjust the postpetition regular payments noted above and payments to the plan in paragraph 3 upon filing notice of such adjustment to debtor, debtor's attorney, creditor, and the U.S. Trustee where, and to the extent the underlying contract provides for modification.

     The Trustee is authorized to pay any post petition fees, expenses, and charges, notice of which is filed pursuant to Rule 3002.1, F.R.B.P. and as to which no objection is raised, at the same disbursement level as the arrears claim noted above.

   v. To unsecured claimholders, in classes and paid in classes, as shown below:

**--------------- NONE ---------------**

     Except as provided immediately above, allowed nonpriority unsecured claimholders will be paid a dividend of at least **20.000%**. The "unsecured pool" shall be not less than **N/A**.

 5. Other provisions of the plan, including payments to be made directly by debtor, collateral to be surrendered and other conditions:

    **WORLD FINANCE treated unsecured and liens avoided per 522(f). (VOID LIEN)**

If there is a surrender of property securing a claim, the automatic stay of 11 U.S.C. §362(a) is terminated to permit recovery and disposition of the surrendered property.

 6. The plan rejects all executory contracts, except such executory contracts as follows:

**--------------- NONE ---------------**

7. The plan is expected to last approximately **60** months.  The plan will complete only when the plan has satisfied all secured, and priority claims and the "unsecured pool" has been distributed to unsecured creditors.
8. Creditors not advising the Trustee of address changes may be deemed to have abandoned claims.
9. All property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge or conversion.  The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the Trustee.
10. Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid in full but subordinated to the payment of unsecured claims as provided in Paragraph 4 above.
11. The Debtors motion to declare that all information required under §521(a)(1)(B) has been granted and the case has not been dismissed pursuant to §521(i).

**NOTICE OF OPPORTUNITY TO OBJECT**

PURSUANT TO 11 U.S.C. §1323 AND 1324 AND FED. R. BANKR. P.9021, 2002 AND 3015, AS TO ANY PRECONFIRMATION MODIFICATIONS OF THE PLAN THIS ORDER SHALL NOT BECOME FINAL FOR 25 DAYS.  ANY PARTY IN INTEREST SEEKING TO BE RELIEVED FROM ITS PROVISIONS PURSUANT TO RULE 9023 FED. R. BANKR. MUST FILE A MOTION WITHIN THAT 25 DAY PERIOD.  FAILURE TO FILE SUCH MOTION SHALL BE DEEMED A WAIVER OF ALL OBJECTIONS TO ANY CHANGES OR MODIFICATIONS TO TREATMENT OF CLAIMS MADE AT CONFIRMATION AND AN ACCEPTANCE OF THE PROVISIONS OF THIS CONFIRMED PLAN.  THE TRUSTEE MAY DISBURSE FUNDS PURSUANT TO THIS CONFIRMATION ORDER UPON ENTRY.

Approved:

/s/MARK PODIS AND ASSOCIATES
ATTY FOR THE DEBTOR
1161 MURFREESBORO RD SUITE 300
NASHVILLE, TN  37217
615-399-3800
PodisBankruptcy@aol.com

341 Date: **August 05, 2014**
Case no: **14-04911-MH3-13**
Printed: **08/06/2014**     **3:37 pm**

This Order has been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.