IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 314-04911 |
| GREGORY KYLE WILLIAMS ) | CHAPTER 13 |
| 1003 B KINGSTON SPRINGS ROAD ) | JUDGE: HARRISON |
| KINGSTON SPRINGS TN 37082-9276 ) | |
| ) | |
| SSN: XXX-XX-7510 ) | |
|     Debtor. ) | |

**AGREED ORDER TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INLAND BANK FUNDING AS A LONG TERM CLAIM PER § 1322(b)(5)**

BY AGREEMENT OF THE DEBTORS AND CHAPTER 13 TRUSTEE, evidenced by the signatures entered below respectively, it is hereby agreed that:

1. The Debtor is authorized to finance with Inland Bank a 2013 Nissan Altima Sedan, VIN#1N4AL3APXDN512369 ("motor vehicle"). The amount to be financed is $14,483.00 at a rate of 22%, to be paid by the Trustee with an ongoing monthly payment of $400.25 beginning 9/28/2015.

2. The payroll deduction order shall be modified to increase the Debtor's payments to the Trustee from $70.00 bi-weekly to $223.50 bi-weekly. The minimum base shall be increased to $25,103.00 and the plan term shall remain 60 months. Except as set forth herein, all other plan provisions of the Order confirming the Debtor's Chapter 13 plan remain unaffected by this Agreed Order.

3. Debtor shall maintain full coverage insurance on the motor vehicle and list Inland Bank as the loss payee.

4. The Debtor waives discharge of this post-petition debt to Inland Bank. The monthly payments to Inland Bank shall be disbursed with all other secured claims. Inland Bank's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

5. This claim shall be treated by the Trustee as a long term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Inland Bank.

6. Accordingly, the Order Confirming Chapter 13 Plan of 8/11/2014 shall be modified to provide that the Debtor's obligation to Inland Bank is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Inland Bank.

7. The parties further agree that should the Debtor default on the plan payments or insurance, Inland Bank shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

8. No other creditors are affected by this Agreed Order.

THIS ORDER WAS SIGTNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

APPROVED FOR ENTRY:

/s/_____Mark R. Podis_____
Mark Richard Podis
MARK PODIS & ASSOCIATES
Debtor's Attorney
1161 Murfreesboro Rd., Ste. 300
Nashville, TN 37217
615 399-3800
Fax : 615 399-9794
Email: PodisBankruptcy@aol.com

/s/____ /s/ Henry E. Hildebrand, III____

Digitally signed by /s/ Henry E. Hildebrand, III
DN: cn=/s/ Henry E. Hildebrand, III, c=US, o=chapter 13 trustee, ou=finance(51), email=pleadings@ch13nsh.com
Date: 2015.09.30 14:57:06 -05'00'

Henry E. Hildebrand, III
Chapter 13 Trustee
PO Box 340019
Nashville, TN  37203-0019
615-244-1101
615-242-3241 fax
pleadings@ch13nsh.com